UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

C. A. NO. 03-30277    2003 DEC 17  P 12: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

| |
|---|
| FAMILY ROSARY, INC., |
| *Plaintiff,* |
| v. |
| BOWDOIN CONSTRUCTION CORP. and ST. PAUL FIRE & MARINE INSURANCE COMPANY, |
| *Defendants.* |

## MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF ACTION AND APPLICATION FOR ORDER DIRECTING PLAINTIFF TO PROCEED TO ARBITRATION

### I. FACTUAL BACKGROUND

The following facts appear from the Affidavit of George W. Chabot, Jr. ("Chabot Affidavit") filed herewith. Chabot is the President of the defendant, Bowdoin Construction Corp. ("Bowdoin"):

(1)    The plaintiff, Family Rosary, Inc. (also known as The Family Rosary and Holy Cross Family Ministries), and Bowdoin entered into a written agreement on October 29, 1999 for the construction of a new building in Easton, Massachusetts ("the Project"). (Chabot Affidavit, par. 2). A copy of the contract, captioned Standard Form of Agreement Between Owner and Construction Manager ("Standard Form of Agreement") is attached to the Chabot Affidavit and marked Exhibit "1". (Id.)

(2)    Article 9.2.1 of the Standard Form of Agreement, Exhibit "1," which article is captioned "Dispute Resolution for the Construction Phase," states:

> Any other claim, dispute or other matter in question arising out of or related to this Agreement or breach thereof shall be settled in accordance with Article 4 of AIA Document A201, except that in addition to and prior to arbitration, the parties shall endeavor to settle disputes by mediation in accordance with Construction Industry Mediation Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise…

(3)    Article 1.2 of the Standard Form of Agreement, which Article is captioned "General Conditions," states "For the Construction Phase, the General Conditions of the Contract shall be the 1987 Edition of AIA Document A201, General Conditions of the Contract for Construction, which is incorporated herein by reference."

(4)    Article 4.5 of the AIA Document A201, General Conditions of the Contract for Construction, 1987 Edition, has provisions for the arbitration of "Any controversy or Claim arising out of or related to the Contract. (Chabot Affidavit, Exhibit "2").

(5)    The performance bond issued by St. Paul Fire & Marine Insurance Company incorporates the terms of the contract by reference. (Chabot Affidavit, par. 4 and Exhibit "3").

(6)    On January 16, 2002, the plaintiff sent a letter to Bowdoin and St. Paul claiming that the roof of the Project is defective. (Chabot Affidavit, par. 5 and Exhibit "4").

(7)    On January 29, 2002, Bowdoin replied to the plaintiff's letter. (Chabot Affidavit, par. 6 and Exhibit "5").

2

(8)    The plaintiff is withholding $48,332.00 from the contract balance, exclusive of interest, on account of the dispute. (Chabot Affidavit, par. 7).

(9)    On September 17, 2003, Bowdoin and the plaintiff entered into a Mediation Agreement. (Chabot Affidavit, par. 8 and Exhibit "6").

(10)    On October 24, 2003, representatives of Bowdoin and the plaintiff spent approximately eight hours in the mediation of the dispute. (Chabot Affidavit, par. 9).

(11)    Although the mediation was not successful, communications between George W. Chabot, Jr. and William Riley, the Chief Operating Officer of the plaintiff, continued through the last week of November, 2003. Unbeknownst to Bowdoin, the plaintiff had already commenced this action but the plaintiff did not communicate that fact to Bowdoin. Had Bowdoin been aware that the plaintiff intended to commence a civil action, Bowdoin would have filed a Demand for Arbitration with the American Arbitration Association as required by the contract between the parties. (Chabot Affidavit, par. 10).

(12)    At no time did Bowdoin waive the arbitration provisions contained in the contract with the plaintiff. (Chabot Affidavit, par. 11).

(13)    Article 13.1.1 of the General Conditions states that "The Contract shall be governed by the law of the place where the Project is located." (Chabot Affidavit, Exhibit "2").

## II. ARGUMENT

There is a dispute between the parties concerning the performance of a Construction Manager on a construction project. The dispute concerns the adequacy of the construction of the roof of the project. The plaintiff is withholding money on account of the dispute. The contract between the parties uses standard American Institute of Architects forms. The contract has a broadly drafted arbitration clause requiring all disputes under the contract to be mediated and then arbitrated. The parties engaged in mediation that, unfortunately, was unsuccessful. While the parties were continuing to negotiate their claims, the plaintiff commenced this action.

Massachusetts General Laws, ch. 251, §1 states that "A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." As the Massachusetts Appeals Court stated in Geller v. Temple B'Nai Abraham, 11 Mass.App.Ct. 917, 918 (1981):

> The principles applicable to arbitration of commercial disputes are settled. Where the agreement to arbitrate is expressed in general terms, it "should be construed as broadly as the parties obviously intended." Glenn Acres, Inc. v. Cliffwood Corp., 353 Mass. 150, 154 (1967), and cases cited. Under such a clause, the parties can be taken to have given their advance consent to arbitrate any dispute which they are unable to settle by reference to the terms of the contract (Itek Corp. v. McEnness, 340 Mass. 409, 412 (1960)), and their assent to be bound by "the honest judgment of the arbitrator as to a matter referred to him." Trustees of the Boston & Me. Corp. v. Massachusetts Bay Transp. Authy., 363 Mass. 386, 391 (1973), quoting from Phaneuf v. Corey, 190 Mass. 237, 247, 76 N.E. 718 (1906). Once the award is rendered, it is to be judicially enforced, in the absence of fraud, even if the arbitrators have committed errors of fact or

4

law in arriving at their decision. <u>Glenn Acres, Inc. v. Cliffwood Corp.</u>, <u>supra</u> 353 Mass. at 155, 228 N.E.2d 835; <u>McGovern v. Middlesex Mut. Ins. Co.</u>, 359 Mass. 443, 445, 269 N.E.2d 445 (1971).

In the present case, the agreement to arbitrate is stated in very broad terms and therefore should be broadly construed. <u>Danvers v. Wexler Constr. Co.</u>, 12 Mass.App.Ct. 160, 163, 422 N.E.2d 782 (1981). <u>See</u> <u>also</u>, <u>Quirk v. Data Terminal Systems</u>, 379 Mass. 762, 765 (1980) (arbitration clause even encompasses claim of fraud in the inducement of a contract as a whole).

Under M.G.L. ch. 251, §2(d ), a party to any suit involving an arbitrable dispute is entitled to request and ordinarily to receive from the court a stay pending arbitration. <u>Microwave Antenna Systems & Technology, Inc. v. Whitney-Pehl Construction Co.</u>, 23 Mass.App.Ct. 25, 28 (1986).  The defendants submit that there is no reason to rule otherwise in this case and respectfully request the court to stay the within action and order the plaintiff to proceed with the dispute resolution mechanism chosen in the contract between the parties.

<div style="margin-left: 40%;">

For the defendants,
Bowdoin Construction Corp. and St. Paul
Fire & Marine Insurance Company,
By their attorneys,
Law Offices of Warren H. Brodie, P.C.,

By: _____
WARREN H. BRODIE
40 Grove Street
Wellesley, MA 02482
Tel: (781) 235-1100
Fax: (781) 237-8686
BBO # 058000

</div>

5