UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 03-30277

FILED
IN CLERK'S OFFICE

2003 DEC 17 P 12: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

FAMILY ROSARY, INC.,

    *Plaintiff,*

v.

BOWDOIN CONSTRUCTION CORP.
and ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

    *Defendants.*

## AFFIDAVIT OF GEORGE W. CHABOT, JR.

I, George W. Chabot, Jr., hereby depose and state upon my personal knowledge as follows:

(1) I am the President of Bowdoin Construction Corp. ("Bowdoin"), a Massachusetts corporation and a defendant in this action. Bowdoin is in the business of general contracting and construction management.

(2) On October 29, 1999, Bowdoin entered into a written agreement for the construction of a new building for The Family Rosary, Inc. in Easton, Massachusetts ("the Project"). A copy of the contract, captioned Standard Form of Agreement Between Owner and Construction Manager ("Standard Form of Agreement") is attached to this Affidavit and marked Exhibit "1."

(3) Article 1.2 of the Standard Form of Agreement, which Article is captioned "General Conditions," states "For the Construction Phase, the General Conditions of the Contract shall be the 1987 Edition of AIA Document A201, General Conditions of the Contract for Construction, which is incorporated herein by reference." A true copy of the

AIA Document A201, General Conditions of the Contract for Construction, 1987 Edition, is attached to this Affidavit as Exhibit "2."

(4) Bowdoin provided a performance bond to the plaintiff which was issued by St. Paul Fire & Marine Insurance Company. A true copy of the bond is attached to this Affidavit as Exhibit "3."

(5) On January 16, 2002, the plaintiff sent a letter to Bowdoin and St. Paul claiming that the roof of the Project is defective. A true copy of the letter is attached to this Affidavit as Exhibit "4."

(6) On January 29, 2002, Bowdoin replied to the plaintiff's letter. A true copy of Bowdoin's response letter is attached to this Affidavit as Exhibit "5."

(7) The plaintiff is withholding $48,332.00 from the contract balance, exclusive of interest, on account of the dispute.

(8) On September 17, 2003, Bowdoin and the plaintiff entered into a Mediation Agreement. A true copy of the Mediation Agreement is attached to this Affidavit as Exhibit "6."

(9) On October 24, 2003, representatives of Bowdoin and the plaintiff spent approximately eight hours in the mediation of the dispute. The parties did not reach an agreement during the mediation.

(10) Although the mediation was not successful, I subsequently had several telephone conversations with William Riley, the Chief Operating Officer of the plaintiff. The conversations, which concerned the settlement of the dispute, continued through the last week of November, 2003. Unbeknownst to Bowdoin, the plaintiff had already commenced this action but the plaintiff did not communicate that fact to me or anyone at Bowdoin.

(11) If I had been aware that the plaintiff intended to commence a civil action, Bowdoin would have filed a Demand for Arbitration with the American Arbitration Association as required by the contract between the parties.

(12) At no time did Bowdoin waive the arbitration provisions contained in the contract with the plaintiff.

2

Signed under the pains and penalties of perjury this 9th day of December, 2003.

_____
George W. Chabot, Jr.