UNITED STATES DISTRICT COURT CLERK'S OFFICE
DISTRICT OF MASSACHUSETTS    EASTERN DISTRICT
2004 FEB 13  P 2: 15

THE FAMILY ROSARY, INC.    U.S. DISTRICT COURT
                           DISTRICT OF MASS.

                Plaintiff,

       -against-                          Civil Action No.
                                                CA No. 30277 DPW

BOWDOIN CONSTRUCTION CORP.;
ST. PAUL FIRE & MARINE INSURANCE COMPANY,

## AFFIDAVIT OF WILLIAM J. RILEY

I, William J. Riley, hereby depose and state upon my personal knowledge as follows:

1. I am the vice president of operations of The Family Rosary, Inc. ("Family Rosary"), a New York not-for-profit corporation, the plaintiff in this action.

2. Family Rosary, as owner, contracted with defendant Bowdoin to construct a new facility in Brockton, MA. Defendant, St. Paul Fire & Marine Insurance Company ("St. Paul"), provided the surety bond for the project.

3. The construction agreement entered into by the parties was prepared by Bowdoin and was the AIA document A121/CMc instrument commonly referred to as "Standard Form of Agreement Between Owner and Construction Manager".

4. Family Rosary and Bowdoin agreed to delete the arbitration provisions of the construction agreement.

5. Bowdoin prepared an amendment to the standard form agreement expressly deleting the arbitration provisions. Copy of said amendment is annexed as Exhibit "A" hereto.

6. The arbitration deletion amendment was attached to the original contract instruments presented by Bowdoin for signature on October 29, 1999.

7. Bowdoin had placed "signature stickers" on the duplicate sets of contract instruments for execution.

8. I placed my signature on the contract instruments as directed by Bowdoin. Bowdoin did not have a "signature sticker" on the arbitration deletion amendment which was attached to the original contract instruments on October 29, 1999.

9. A similar arbitration deletion amendment was attached and executed on the agreement with the architectural firm for this project.

10. At no time did Bowdoin ever repudiate the existence or effect of the arbitration deletion amendment, which it requested and prepared.

11. I am advised that Bowdoin, after the commencement of this action, filed a demand for arbitration with the American Arbitration Association.

Signed under the pains and penalties of perjury on this 10th day of February, 2004.

_____
William J. Riley