LAW OFFICES
## TOBIN AND DEMPF LLP

LOUIS DEMPF, JR
MICHAEL L. COSTELLO
JOHN T. MITCHELL
KEVIN A. LUIBRAND
R. CHRISTOPHER DEMPF
WILLIAM H. REYNOLDS

33 ELK STREET
ALBANY, NEW YORK 12207

TELEPHONE
(518) 463-1177
FACSIMILE
(518) 463-7489

BRIAN R. HAAK
STEPHEN P. HAYFORD
JENNIFER CLARKE SMERK
GAYLE E. HARTZ
OF COUNSEL

CHARLES J. TOBIN, 1915-1954
CHARLES J. TOBIN, JR. 1940-1987
JAMES W. SANDERSON, 1965-1992

February 18, 2004

*Via Facsimile & 1st Class Mail*

Amy Micheletti
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re:  11 E 110 00295 04
     Bowdoin Construction Corporation
     and
     The Family Rosary, Inc.

Dear Ms. Micheletti:

Our offices represent The Family Rosary, Inc. Following our letter to you dated February 10, 2004 and the telephone conference conducted on this date, relative to the above captioned, we wish to reaffirm that the American Arbitration Association has no basis at this time to proceed with the pending demands subject to an adjudication by the United States District Court for the District of Massachusetts.

We enclose herewith for your information a copy of the Summons and Complaint filed with the Court on November 18, 2003. Please also find enclosed copy of arbitration deletion amendment, annexed to the construction agreement and prepared by Bowdoin Construction. This amendment is an exhibit to the affidavit of William J. Riley, dated February 10, 2004, a copy of which is also annexed.

American Arbitration Association
February 18, 2004
Page 2

The amendment prepared by Bowdoin states:

> Notwithstanding any provision anywhere in the Contract Documents to the contrary, including, without limitation, AIA-A201-1997 Article 4.6 and AIA-A121/CMc--AGC 565-1991, Neither the Owner not the Contractor shall be required to engage in any arbitration proceeding relating to the Contract unless both the Owner and the Contractor elect, in writing, to participate in such arbitration proceeding. In any case where the parties do not elect to participate in arbitration proceedings, decisions of the Architect relative to any matters in dispute between the parties shall not be regarded as final but shall be subject to review.

In view of the pending civil action, based on the construction agreement and its amendment deleting arbitration, we herewith renew our request of February 10, 2004 that the proceedings before the American Arbitration Association pursuant to the demand filed by Bowdoin Construction be suspended.

Thank you for your attention to this matter.

Very truly yours,

TOBIN AND DEMPF, LLP

Michael L. Costello

MLC/slc
Enclosure

cc:   Warren H. Brodie, Esq.

   Anthony Anastas, Clerk
   United States District Court
   Civil Case No. 03-30277-DPW

# United States District Court

DISTRICT OF MASSACHUSETTS

THE FAMILY ROSARY, INC.,

        Plaintiff,

V.

BORDOIN CONSTRUCTION CORP.;
ST. PAUL FIRE & MARINE INSURANCE COMPANY,

        Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 03-30277-KPN

TO: (Name and address of defendant)

ST. PAUL FIRE& MARINE INSURANCE COMPANY
385 Washington Street
St. Paul, Minnesota 55102-1396

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

TOBIN & DEMPF, LLP
33 Elk Street
Albany, New York 12207
Attn.: Brian R. Haak, Esq.
(518)463-1177

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS

CLERK

(BY) DEPUTY CLERK

DATE 11/18/03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FAMILY ROSARY, INC.,

         Plaintiff,

-against-

BOWDOIN CONSTRUCTION CORP.;
ST. PAUL FIRE & MARINE INSURANCE COMPANY,

         Defendants.

**COMPLAINT**

**Civil Action No.**

03-30277-KPN

Plaintiff, The Family Rosary, Inc. by its attorneys Tobin and Dempf, LLP, as and for a complaint against defendants, respectfully submits the following:

### GENERAL ALLEGATIONS

1. This is an action in law for money damages arising from the breach of an agreement to construct a new facility for the plaintiff by defendant which was covered by a surety bond.

2. Plaintiff, The Family Rosary, Inc. ("Family Rosary"), is a not-for-profit corporation duly organized under the New York Not-For-Profit Corporation Law maintaining a place of business in the County of Albany, State of New York.

3. Defendant, Bowdoin Construction Corp. ("Bowdoin"), is a business corporation organized and existing under the laws of the Commonwealth of Massachusetts maintaining a place of business at Needham Heights, Massachusetts.

4. Defendant, St. Paul Fire & Marine Insurance Company ("St. Paul"), is a business corporation organized and existing under the laws of the State of Minnesota maintaining a place of business at St. Paul, Minnesota.

5. Jurisdiction is proper in this District due to diversity of citizenship under 28 U.S.C. §1332, and venue is proper in this District under 28 U.S.C. §1391(a) in that the construction site and activities associated with the performance of the construction agreement took place in this District. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COUNT I
## BREACH OF CONTRACT

1. That, on or about October 29, 1999, for valuable consideration Family Rosary and Bowdoin entered into an agreement wherein and by Bowdoin was to perform and provide certain construction services, including labor and materials for the construction of a new building consisting of approximately 22,000 square feet for Family Rosary in Brockton, Massachusetts.

2. That St. Paul issued performance and payment bonds, in its capacity as surety, naming Family Rosary as the obligee in connection with same on the subject project in the face amount of $3,573.288.00.

3. That Bowdoin acting as the construction manager and constructor initiated its performance under the aforesaid agreement by providing labor, materials, tools, equipment and supervision incident thereto.

4. Family Rosary duly performed all of the terms and conditions of the agreement.

5. Bowdoin has not performed all of the terms and conditions of the construction agreement.

6. Bowdoin has breached its agreement with Family Rosary in the following manner:

    (a) Failing to provide the labor and materials specified by construction agreement and project documents; and

    (b) Failing to properly coordinate, monitor, sequence and complete its performance obligations.

7. The aforesaid breaches were caused solely by defendant Bowdoin acting through its employees, agents, representatives, contractors, subcontractors, materialmen, and suppliers, without any action or omission on behalf of the plaintiff contributing thereto, all thereby compelling plaintiff to sustain damages and arrange for corrective work necessitated by the failed performance of defendant Bowdoin.

WHEREFORE, plaintiff has sustained damages in the sum in excess of seventy-five thousand dollars ($75,000.00) commensurate with the proof of damages in this case, together with pre-judgment interest and costs of this action.

## COUNT II
## NEGLIGENCE

1. Plaintiff repeats and realleges every allegation set forth at paragraphs 1 through 7, inclusive, of Count I.

2. Plaintiff retained defendant Bowdoin to perform construction services, including labor and materials, in connection with the construction of the new facility building for plaintiff at Brockton, Massachusetts consisting of approximately 22,000 square feet in accordance with project specifications and requirements.

3. Defendant Bowdoin, through its employees, agents, contractors, subcontractors, materialmen and suppliers:

   a. Carelessly, negligently and improperly coordinated and advanced the progress of the construction;
   b. Negligently and carelessly failed to coordinate, monitor and sequence the performance of the activities of the project resulting in performance omissions and errors; and
   c. Careless, negligently and improperly performed its construction agreement by providing defective materials, labor and construction services.

4. The negligence of defendant Bowdoin resulting in damages to the plaintiff was caused solely by the carelessness and negligence on the part of defendant Bowdoin without any fault or negligence or want of care on the part of the plaintiff.

WHEREFORE, plaintiff has sustained damages in the sum in excess of seventy-five thousand dollars ($75,000.00) commensurate with the proof of damages in this case, together with pre-judgment interest and costs of this action.

## COUNT III
## BREACH OF SURETY BOND

1. Plaintiff repeats and realleges every allegation set forth at paragraphs 1 through 7, inclusive, of Count I.

2. Defendant St. Paul issued a performance bond and payment bond to the benefit of the plaintiff in the capacity of surety for the performance of defendant Bowdoin on the subject construction project.

3. Defendant St. Paul, pursuant to the surety bonds, was notified by plaintiff of defendant Bowdoin's improper, incomplete and failed performance under the construction agreement and the surety bonds.

4. Plaintiff has complied with the terms and conditions of the project surety bonds issued by St. Paul.;

5. Defendant St Paul has failed to protect plaintiff's interests, pursuant to the surety bonds and complete the project pursuant to the project specifications and requirements.

6. Defendant St. Paul has breached its surety obligations under the surety bonds benefiting the plaintiff on the subject project.

WHEREFORE, plaintiff has sustained damages in the sum in excess of seventy-five thousand dollars ($75,000.00) commensurate with the proof of damages in this case, together with pre-judgment interest and costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on its complaint in the above-entitled action.

Dated: November 18, 2003

                                        TOBIN AND DEMPF, LLP

                                        /s/ Brian R. Haak
                                        Brian R. Haak, Esq.
                                        Bar Roll No. 655497
                                        Attorney for Plaintiff
                                        Office and P.O. Address:
                                        33 Elk Street
                                        Albany, New York 12207
                                        Telephone: (518) 463-1177

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS        EASTERN DISTRICT

---

THE FAMILY ROSARY, INC.

                      Plaintiff,

    -against-                                                    Civil Action No.
                                                                CA No. 30277 DPW

BOWDOIN CONSTRUCTION CORP.;
ST. PAUL FIRE & MARINE INSURANCE COMPANY,

---

## AFFIDAVIT OF WILLIAM J. RILEY

I, William J. Riley, hereby depose and state upon my personal knowledge as follows:

1. I am the vice president of operations of The Family Rosary, Inc. ("Family Rosary"), a New York not-for-profit corporation, the plaintiff in this action.

2. Family Rosary, as owner, contracted with defendant Bowdoin to construct a new facility in Brockton, MA. Defendant, St. Paul Fire & Marine Insurance Company ("St. Paul"), provided the surety bond for the project.

3. The construction agreement entered into by the parties was prepared by Bowdoin and was the AIA document A121/CMc instrument commonly referred to as "Standard Form of Agreement Between Owner and Construction Manager".

4. Family Rosary and Bowdoin agreed to delete the arbitration provisions of the construction agreement.

5. Bowdoin prepared an amendment to the standard form agreement expressly deleting the arbitration provisions. Copy of said amendment is annexed as Exhibit "A" hereto.

6. The arbitration deletion amendment was attached to the original contract instruments presented by Bowdoin for signature on October 29, 1999.

7. Bowdoin had placed "signature stickers" on the duplicate sets of contract instruments for execution.

8. I placed my signature on the contract instruments as directed by Bowdoin. Bowdoin did not have a "signature sticker" on the arbitration deletion amendment which was attached to the original contract instruments on October 29, 1999.

9. A similar arbitration deletion amendment was attached and executed on the agreement with the architectural firm for this project.

10. At no time did Bowdoin ever repudiate the existence or effect of the arbitration deletion amendment, which it requested and prepared.

11. I am advised that Bowdoin, after the commencement of this action, filed a demand for arbitration with the American Arbitration Association.

Signed under the pains and penalties of perjury on this 10th day of February, 2004.

*William J. Riley* (signature)

William J. Riley

1998 EDITION

# AIA DOCUMENT A121/CMc-a

## Amendment to the Standard Form of Agreement Between Owner and Construction Manager Where the Construction Manager Is Also the Constructor

This amendment modifies the Standard Form of Agreement Between Owner and Construction Manager, AIA Document A121/CMc and AGC Document 565, 1991 Edition. Where a portion of the Standard Form of Agreement Between Owner and Construction Manager is modified by this amendment, the unaltered portions shall remain in effect.

The following changes are made to the Agreement dated

between  The Family Rosary                                         (Owner)
         4 Pine West Plaza
         Albany NY  12205-5520
and      Bowdoin Construction Corp.         (Construction Manager)
         220-1 Reservoir Street
         Needham Heights MA  02494

for      Construction of approximately 22,000 s.f. (the Project).
         of new building for The Family Rosary Pastoral
         Institute, Brockton MA

1. In Paragraph 1.2, the reference to the 1987 Edition of AIA Document A201 shall be changed to A201-1997.

2. In Paragraph 2.5, the reference to A201 Subparagraph 10.1.2 shall be changed to A201 Subparagraphs 10.3.1 and 10.3.2.

3. In the first sentence of Paragraph 3.3, the words "Basic Services" shall be changed to "services". In the second sentence of Paragraph 3.3, the words "those Additional Services described in AIA Document B141" shall be changed to "other services".

4. In Clause 6.1.8.1, the reference to A201 Paragraph 10.3 shall be changed to A201 Paragraph 10.6.

PURPOSE. This document is intended to amend the 1991 Editions of AIA Document A121/CMc and AGC Document 565. Use of this document will ensure that the 1991 Editions of AIA Document A121/CMc and AGC Document 565 comport with AIA Document A201-1997, General Conditions of the Contract for Construction, and AIA Document B141-1997, Standard Form of Agreement Between Owner and Architect with Standard Form of Architect's Services.

This document has important legal consequences; consultation with an attorney is encouraged with respect to its completion or modification.



© 1998 AIA®
AIA DOCUMENT A121/CMc-a
AMENDMENT TO THE
OWNER- CONSTRUCTION
MANAGER AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

AMENDMENT TO AIA DOCUMENT A121/CMc AND AGC DOCUMENT 585 © 1998 by the American Institute of Architects. Reproduction of the material herein or substantial quotation of its provisions without permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution. WARNING: Unlicensed photocopying violates U.S. copyright laws and will subject the violator to legal prosecution.

1

5.  In Clause 7.1.7.1, the reference to A201 Subparagraph 7.3.7 shall be changed to A201 Subparagraphs 7.3.7 and 7.3.8.

6.  In Paragraph 8.2, the reference to A201 Paragraphs 11.2 and 11.3 shall be changed to A201 Paragraphs 11.2 and 11.4.

7.  In Subparagraph 10.1.1, the reference to A201 Subparagraph 14.1.1 shall be changed to A201 Subparagraphs 14.1.1, 14.1.2 and 14.1.4.

8.  In Subparagraphs 10.2.1 and 10.2.2, the references to A201 Subparagraph 14.1.2 shall be changed to A201 Subparagraph 14.1.3.

9.  Notwithstanding any provision anywhere in the Contract Documents to the contrary, including, without limitation, AIA-A201-1997 Article 4.6 and AIA-A121/CMc--AGC 565-1991, Neither the Owner nor the Contractor shall be required to engage in any arbitration proceeding relating to the Contract unless both the Owner and the Contractor elect, in writing, to participate in such arbitration proceeding. In any case where the parties do not elect to participate in arbitration proceedings, decisions of the Architect relative to any matters in dispute between the parties shall not be regarded as final but shall be subject to review.

| OWNER (Signature) | CONSTRUCTION MANAGER (Signature) |
|---|---|
| William Riley | Robert M. Keeley |
| (Printed name and title) | (Printed name and title) |
| Vice President of Operations | Executive Vice President |
| October 29, 1999 | October 29, 1999 |



© 1998  AIA®
AIA DOCUMENT A121/CMc-a
AMENDMENT TO OWNER-
CONSTRUCTION MANAGER
AGREEMENT

The American Institute
of Architects
1735 New York Avenue, N.W.
Washington, D.C. 20006-5292

...will subject the violator to legal prosecution.