# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

C. A. NO. 03-30277

FAMILY ROSARY, INC.,

    *Plaintiff*,

v.

BOWDOIN CONSTRUCTION CORP.
and ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

    *Defendants*.

## AFFIDAVIT OF ROBERT M. KEELEY

I, Robert M. Keeley, hereby depose and state upon my personal knowledge as follows:

(1)   I was the Executive Vice President of Bowdoin Construction Corp. ("Bowdoin"), the defendant in this action, for several years prior to my retirement from Bowdoin at the end of 2001.

(2)   As Executive Vice President of Bowdoin, I had many administrative and managerial duties, including the negotiation, preparation and execution of contract documents on behalf of Bowdoin.

(3)   One of the projects with which I was involved on behalf of Bowdoin was a project known as The Family Rosary Pastoral Institute which is the project that is the subject of this action ("the project"). I was responsible on behalf of Bowdoin for negotiating, drafting and executing the contract for the project. The contract was negotiated by me, on behalf of Bowdoin, and by William Reilly, on behalf of The Family Rosary, Inc., the plaintiff in this action.

(4)     Attached to this Affidavit as Exhibit "A" is a true copy of the Standard Form of Agreement Between Owner and Construction Manager (where the Construction Manager is also the Constructor), American Institute of Architects ("AIA") Doc. No. A121/CMc. It was prepared by Bowdoin. Exhibit "A" is a standard from agreement and the only changes that were made to the document were the filling in of blanks for relevant information including names and addresses, payment terms, insurance requirements and other matters.

(5)     Attached to this Affidavit as Exhibit "B" is a true copy of the Amendment No. 1 to Agreement Between Owner and Construction Manager, AIA-A121/CMc and the Exhibits A, B C, E and F referred to in Amendment No. 1. (The completion schedule, Exhibit D, was not included). Amendment No. 1 was prepared by Bowdoin. Exhibit "B" established the Guaranteed Maximum Price of the contract as well as a list of the plans, specifications and addenda for the project (Exhibit A), a list of allowance items and the prices therefor (Exhibit B), clarifications concerning various matters (Exhibit C), prices for certain alternate items (Exhibit E) and a unit price (Exhibit F).

(6)     Exhibit "A," the Agreement, and Exhibit "B," Amendment No. 1, were both signed at a meeting at Bowdoin's offices on November 1, 1999, despite that Exhibit "A" is dated October 29, 1999. I signed the Agreement and Amendment No. 1 on behalf of Bowdoin. William Reilly signed them on behalf of The Family Rosary, Inc. Also present at the signing was Christopher Keeley, an employee of Bowdoin, who is also my son, who witnessed the signatures by me and Mr. Reilly on both the Agreement and Amendment No. 1.

(7)     Attached to this Affidavit as Exhibit "C" is a document captioned "Amendment to the Standard Form of Agreement Between Owner and Construction Manager Where the Construction Manager is Also the Constructor." I prepared Exhibit "C" at the request of William Reilly. In certain of our discussions concerning the contract, Mr. Reilly had requested that we amend the contract documents to delete the arbitration provisions or make the arbitration provisions optional by both parties. At no

time did I or anyone at Bowdoin agree to delete the arbitration provisions or make them optional, however, I prepared Exhibit "C" as requested by Mr. Reilly and agreed to discuss the matter with him. The only other provision of any substance in the proposed Amendment was a change from the 1987 AIA-A201 General Conditions of the Contract for Construction to the *1997* edition of the same document. I did not consider that change to be significant.

(8)   When Mr. Reilly and I met on November 1, 1999 for the purpose of signing the contract documents, I signed those contract documents with which Bowdoin agreed. I did not sign Exhibit "C" because I, acting on behalf of Bowdoin, did not agree with the provision amending the contract to make arbitration optional. That Exhibit "C" was not signed by Bowdoin was not the product of an oversight.

Signed under the pains and penalties of perjury this 16TH day of March, 2004.

_____
Robert M. Keeley

3